UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

| IN RE:<br><br>Fernando A. Neiva,<br><br>Debtor. | CASE NO.: 23-40098 (EDK)<br>CHAPTER 13 |
|---|---|

**MOTION BY LOANCARE, LLC TO DETERMINE NO STAY OR ALTERNATIVELY RELIEF FROM THE AUTOMATIC STAY**

Now comes, LoanCare, LLC ("Movant") owner of that property known as 45 Liberty Street, Marlborough, MA 01752 (the "Property"), and hereby moves this Court to Determine no Stay relief pursuant to § 362(d)(4)(B) or alternatively relief form the automatic stay under § 362(d)(1), so that it may proceed to exercise its rights, pursuant to applicable state and federal law, with respect to the Property and proceed with the Third Party Sale. In support of its motion, Movant states the following:

A. HISTORY

1. A petition under Chapter 13 Bankruptcy of the United States Bankruptcy Code was filed with respect to the Debtor on February 2, 2023.

2. On August 25, 2014, the Debtor executed and delivered a Note to Mid-Island Mortgage Corp. The Note is secured by a Mortgage dated August 25, 2014 and recorded in Middlesex County (Southern District) Registry of Deeds in Book 64158 at Page 568. The Mortgage was assigned to the Movant pursuant to an Assignment of Mortgage.

3. On September 26, 2022, the Debtor filed a Chapter 13 Bankruptcy Case under Case No. 22-40696. The Bankruptcy case was dismissed on October 18, 2022, due to Debtor's failure to file information.

4. On January 11, 2023 Movant conducted a foreclosure sale in strict compliance with State Law in Massachusetts.

5. It was not until February 2, 2023 that the Debtor filed this second Chapter 13 matter.

6. While the Debtor moved to extend the automatic stay which was granted, Movant is no longer a creditor of the Debtor due to the foreclosure sale.

7. Movant only seeks a comfort order in this matter to proceed with recording the foreclosure deed, due to some comments made at the Debtor's Motion for a Preliminary Injunction in his Adversary Proceeding, which was denied.

**B. Request for Relief**

8.    Pursuant to the First Circuit Bankruptcy Appellate Panel in US Bank v. Vertullo, The BAP revisited its earlier decision in TD Bank, N.A. v. Lapointe to affirm the "gavel rule" which dictates that a borrower's right to redeem terminates at the foreclosure auction and not when the deed is recorded. In TD Bank v. Lapointe, 505 B.R. 589, the BAP concluded that § 1322(c)(1) is clear that the Debtor's right to cure is cut off once the gavel falls at the foreclosure auction. In further support, In Lacey v. BAC Home Loans Servicing, 2011 Bankr. LEXIS 213, this Court has held that a prepetition foreclosure sale was final, the equity of redemption had been extinguished and the property did not become property of the Chapter 13 estate.

9.    As a result, Movant has not filed a Proof of Claim, appeared nor objected to the Chapter 13 plan as it's not confirmable pursuant to the Vertullo case.

10.    Furthermore, Debtor has not put forth a sufficient Chapter 13 plan and does not have the ability to sell the property as he no longer has any rights in the real estate.

11.     Should this Court disagree with Movant, Movant seeks relief from the automatic stay.  Pursuant to §362(d)(1) cause exists because Debtor continues to holdover at the Property, without cause, thus denying Movant its right to possession and enjoyment.

12.     Moreover, despite the Debtor's Adversary Proceeding filed, holding the third party sale and recording the deed to the third party will have no effect on the Debtor's allegations that the sale was not conducted in strict compliance with the law in the Commonwealth of Massachusetts. The Debtor has named Movant and John Doe's to which the Debtor now knows the third party buyer and can properly name him now as well. Had not the Debtor filed the Adversary Proceeding and the deed had been recorded, he would still have the ability to challenge the foreclosure sale by either bringing an action in Superior Court or challenging the sale in an eviction brought in the Housing Court. By the Movant proceeding, nothing will change for the Bankruptcy Estate nor any rights will be effected by the Debtor as the rights of redemption were already lost once the sale concluded.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

WHEREFORE, Movant moves that the Court enter an Order to Determine no Stay relief pursuant to §362(d)(4) or in the alternate pursuant to §362(d)(1), so that Movant, and its successors and assigns, may proceed to exercise its rights to the Property pursuant to applicable state and federal law; including, without limitation, recording of the foreclosure deed and the implementation of a summary process action against occupants of the Property.

Date: May 19, 2023

                                              LoanCare, LLC
                                              By its Attorneys,

                                              /s/ Jennifer L. Joubert
                                              Jennifer L. Joubert Esq., BBO#671032
                                              Marinosci Law Group, P.C.
                                              275 West Natick Road, Suite 500
                                              Warwick, RI 02886
                                              Tel: 401-234-9200
                                              jjoubert@mlg-defaultlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS (WORCESTER)**

| | |
|---|---|
| IN RE:<br><br>Fernando A. Neiva,<br><br>Debtor. | CASE NO.: 23-40098 (EDK)<br>CHAPTER 13 |

## CERTIFICATE OF SERVICE

I, Jennifer Joubert, of Marinosci Law Group, P.C., do hereby certify that on May 19, 2023, I served a copy of the Motion by LoanCare, LLC to Determine no Stay relief Or Alternatively Relief From The Automatic Stay and supporting documents were served on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on service list.

Signed this 19 day of May, 2023.

/s/ Jennifer L. Joubert
Jennifer L. Joubert Esq., BBO#671032
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Tel: 401-234-9200
jjoubert@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

**VIA ECF:**
Cynthia Ravosa, on behalf of the Debtor
Richard King, Esq., on behalf of the Assistant US Trustee
David A. Mawhinney, Esq., on behalf of Trustee

**VIA US MAIL:**
Fernando A. Neiva
45 Liberty St
Marlborough, MA 01752

Marlborough Massachusetts
Assessor's Office
140 Main Street
Marlborough, MA 01752

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS (WORCESTER)**

| | |
|---|---|
| IN RE:<br><br>Fernando A. Neiva,<br><br>    Debtor. | CASE NO.: 23-40098 (EDK)<br>CHAPTER 13 |

### ORDER: MOTION BY LOANCARE, LLC TO DETERMNE NO STAY RELIEF OR ALTERNATIVELY RELIEF FROM THE AUTOMAC STAY

LoanCare, LLC ("Movant"), by and through its attorneys, Marinosci Law Group, P.C., having filed for Relief From Stay regarding real property known and numbered as 45 Liberty Street, Marlborough, MA 01752 notice having been given and good cause appearing therefore, it is hereby ORDERED that the Motion of Movant to Determine no Stay relief pursuant to § 362(d)(4)(B) or alternatively relief form the automatic stay under § 362(d)(1), is allowed and Movant is granted relief from the automatic stay pursuant to 11 U.S.C. §362(d), so that it and its successors and assigns, may proceed to exercise its non-bankruptcy rights to the Property, including, without limitation, the continuation of a summary process action against occupants of that property. This Order shall be binding and effective for two years despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code, or any other bankruptcy filings within the next two years from the date of this Order.

At _____ this _____ day of _____, 2023.

_____
U.S. BANKRUPTCTY JUDGE